UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
FLORENCE TEMBA,

               Plaintiff,

      -against-

TARGET CORPORATION,

               Defendant.
--------------------------------------------------------X

CIVIL ACTION NO.:

   12-cv-03330(NGG)(RER)

**TRIAL BY JURY DEMANDED**

Plaintiff, by her attorneys, **THE LAW OFFICE OF BARRY E. SCHULMAN**,

complaining of the defendants, respectfully alleges and shows this Court as follows upon

information and belief:

### JURISDICTION AND VENUE

1.  At all times hereinafter mentioned, plaintiff was and still is a resident of

the County of Queens, City and State of New York.

2.  Upon information and belief, and at all times hereinafter mentioned, the defendant

was and still is a foreign business corporation duly licensed to conduct business within the State

of New York, with their principal place of business in the State of Minnesota.

3.  Venue exists in this Court pursuant to 28 U.S.C.  §1391(a)(2) in that the defendant

was and still is a resident of the State of Minnesota.

4.  Venue exists in this Court pursuant to 28 U.S.C. §1391 (a)(2) in that the plaintiff was

and still is a resident of the County of Queens, City and State of New York, and the accident

which gives rise to all of the events or omissions occurred within the County of Kings, City and

State of New York.

5.  That subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds $75,000.00 and there is a complete diversity of citizenship between the plaintiff and the defendant.

6.  Upon information and belief, and at all times hereinafter mentioned, the defendant, **TARGET CORPORATION** was and still is a foreign corporation created and existing pursuant to the laws of the State of Minnesota, with its principal place of business located at 1000 Nicollet Mall, TPN-2672, Minneapolis, Minnesota.

## PROCEDURAL HISTORY

7.  That this action was commenced by the filing of a Summons With Notice in New York State Supreme Court, Queens County, City and State of New York, under Index number 3834/2012 on February 23, 2012.

8.  That on or about June 5, 2012, service of process was made upon the defendant, **TARGET CORPORATION**, by serving the Secretary of the State of New York, pursuant to §306 of the Business Corporation Law.

9.  That on or about July 5, 2012, the plaintiff was served with a Notice of Removal, pursuant to 28 U.S.C. §1441, removing this action from the Supreme Court of the State of New York, Queens County, City and State of New York.

10.  That on or about July 5, 2012, the defendant served upon plaintiff a Notice of Appearance and Demand for a Complaint.

## ALLEGATIONS OF NEGLIGENCE

11.  At all times hereinafter mentioned, and more specifically on the 21st day of March, 2009, the defendant **TARGET CORPORATION**, was and still is the owner of the premises

2

known as 1598 Flatbush Avenue, Brooklyn, New York 11210, in the County of Kings, City and State of New York.

12.  At all times hereinafter mentioned, and more specifically on the 21st day of March, 2009, the defendant **TARGET CORPORATION**, utilized the aforesaid premises as a department store.

13.  Upon information and belief, at all times hereinafter mentioned, defendant **TARGET CORPORATION**, owned, operated, managed, controlled and maintained their premises located at 1598 Flatbush Avenue, Brooklyn, New York.

14.  Upon information and belief, at all times hereinafter mentioned, defendant **TARGET CORPORATION**, invited members of the general public into and onto the premises known as 1598 Flatbush Avenue, Brooklyn, New York, for the purposes of selling their merchandise, which was displayed on the premises.

15.  Upon information and belief, at all times hereinafter mentioned, defendant **TARGET CORPORATION**, hired and supervised agents, servants, and/or employee for the purposes of conducting the day to day business activities of said defendant at the premises, and more particularly, the defendant herein.

16.  At all times hereinafter mentioned, the defendant **TARGET CORPORATION**, and/or its agents, servants, employees and/or contractors, were charged with the duty of keeping the premises and its environs, in a safe and proper condition sufficient to protect those lawfully in and about the premises, and more particularly the plaintiff herein, a patron of the general public invited onto the premises.

17.  At all times hereinafter mentioned, the defendant **TARGET CORPORATION**, and/or its agents, servants and/or employees breached the aforesaid duty of keeping the premises

3

and its environs in a safe and proper condition sufficient to protect those lawfully in and about the premises, and more particularly the plaintiff herein.

18.  On or about the 21st day of March, 2009, at approximately 8:15 p.m., the plaintiff, while lawfully about and upon the aforementioned premises, and more particularly at or near the seasonal department, on the fifth floor, aisle A34, was shopping for outdoor summer seasonal furniture, and while doing so plaintiff sat in a chair placed on display by the defendant in the aforementioned department in order to encourage the sale of said merchandise, and through  the negligence, recklessness and carelessness of defendant **TARGET CORPORATION**, and/or its agents, servants and/or employees, plaintiff was caused to be violently precipitated to the ground as a result of the dangerous, defective, trap-like and hazardous condition(s) existing thereat, more particularly defendant did negligently, carelessly and recklessly cause and permit a display chair on the premises to collapse, buckle, fall apart, and break, thereby causing the plaintiff to be violently and precipitously forced to the ground causing plaintiff to sustain severe and permanent disabling personal injuries.

19.  The defendant was negligent, careless and reckless in the ownership, operation, maintenance, management, inspection, control and/or supervision of its employees and its premises in that it failed to timely repair, correct, and/or remove the defective chair from the display, having been in a dangerous, defective, hazardous and trap-like condition; in that it failed to inspect said premises and/or in particular the chair placed on display for the general public to sit on in an attempt to sell its merchandise, which was a direct and proximate cause of the plaintiff's injuries; in that it failed to maintain the chair in a proper and safe condition; in that it caused and created such condition; in that it permitted this concealed dangerous, defective, hazardous and trap-like condition to exist; in that it permitted this concealed dangerous,

defective, hazardous and trap-like condition to exist, the nature and quality of which the plaintiff could not readily ascertain and appreciate the risks associated therewith; in causing, creating and allowing to exist a concealed and latent hazard which was not readily apparent to the plaintiff; in causing, creating and allowing to exist a concealed, latent, unique, ultra-hazardous, unreasonably dangerous and defective condition over and above the usual dangers inherent and associated with patronizing the defendant's premises; in causing, creating and allowing to exist a unique, latent, unreasonably dangerous and ultra-hazardous condition, of which the plaintiff could not have knowledge of nor readily ascertain knowledge of, that was the substantial and proximate cause of the plaintiff's injuries; due to the concealment and existence of the foregoing condition, plaintiff did not consent to and/or assume this non-inherent risk; the concealment and existence of the foregoing condition voided any purported consent and/or assumption of risk by the plaintiff; in that it failed to take reasonable precautions to prevent this occurrence; in that it failed to take reasonable precautions under the circumstances then and there existing.

20.  Additionally, the defendant, and/or its agents, servants, and/or employees, were negligent, careless, and reckless in the ownership, operation, control, maintenance, inspection, and supervision of its employees and premises, including the display merchandise, and more specifically the subject display chair located in outdoor seasonal, 5th floor, aisle A34, in failing to maintain the aforesaid chair in a safe and secure condition; in failing to inspect that the chair was positioned and/or placed in a safe and secure condition and position; in failing to properly maintain the chair in a safe and secure placement, condition and position so as to avoid customers and patrons from being injured; in that it permitted the condition and position to remain in a defective, dangerous and hazardous and trap-like condition and position; in that it created the aforesaid defective, dangerous and hazardous condition and position by improperly

5

maintaining the chair; in that it failed to warn the general public, and the plaintiff in particular, of the broken, defective chair by placing signage, barriers and/or notices; in that it created the aforesaid defective, dangerous and hazardous condition by failing to provide safeguards, warning devices and/or barriers to prevent customers and invitees and more particularly the plaintiff herein, in the store from using the chair or from injury from using the chair; in that it created the aforesaid defective, dangerous and hazardous condition and position by failing to provide proper safeguards, warning devices and/or barriers; in that it permitted the aforesaid defective, dangerous and hazardous condition to exist for an unreasonable length of time; in that it failed to provide adequate and/or proper safeguards, warning devices and/or barriers so as to make the plaintiff aware of this latent defect that was known to the defendant, its agents, servants and employees so as to prevent this occurrence; in that it failed to timely remedy the aforesaid defective, dangerous and hazardous condition of the subject chair; in that it improperly inspected the aforesaid premises, and more particularly the subject chair, and make remedial changes thereto to prevent this occurrence and/or remove the chair from display; in that it failed to inspect the aforesaid premises and more particularly the subject chair and make remedial changes thereto to prevent this occurrence and/or remove the chair from display; in that it failed to warn customers and invitees lawfully upon the premises, and more particularly, plaintiff herein, of the dangers to be apprehended; in that it improperly warned customers and invitees lawfully upon the premises, and more particularly, the plaintiff herein, of the dangers to be apprehended; in that it failed to take the proper measures to insure the safety of the customers and invitees lawfully upon the premises, and more particularly, plaintiff herein; in failing to place warning devices, guards, notice, signs and/or barricades about said dangerous condition to warn the public at large and more particularly the plaintiff herein, lawfully present thereat; in failing and neglecting to

remedy the aforesaid defective, hazardous, trap-like and dangerous condition, despite actual and constructive notice; and in violating the laws, rules, regulations and ordinances of the City and State of New York.

21.  Upon information and belief the defendant **TARGET CORPORATION**, and/or by its agents, servants and/or employees, had actual knowledge and notice of the dangerous condition to be apprehended in that it caused and created said condition, and/or had constructive notice in that the said dangerous condition existed for a sufficient length of time prior to the happening of the occurrence herein alleged, that the defendant could or should have had such knowledge and/or learned of such condition through their ordinary, daily and customary business activities, and/or negligently, carelessly and recklessly failed to act upon such notice and knowledge although it had an affirmative duty to do so. Further, the defendant failed and neglected to remedy the aforesaid dangerous and hazardous condition within a reasonable period of time after they caused and created said condition; and defendant failed and neglected to remove the chair from the display after causing and/or creating the dangerous and hazardous condition.

22.  The aforesaid occurrence and the injuries resulting to the plaintiff therefrom were caused wholly and solely by reason of the negligence, recklessness and carelessness of the defendant herein and/or by its agents, servants and/or employees and was in no way contributed by the plaintiff in any manner.

23.  By reason of the foregoing, plaintiff, was caused to sustain severe, serious, and upon information and belief, permanent injuries.

24.  By reason of the foregoing, plaintiff was severely bruised, wounded and injured and upon information and belief, will continue to suffer great physical and mental pain and emotional

distress, and she was rendered sick sore, lame and disabled, and in particular plaintiff sustained injuries to her head, shoulders, arms and back, having undergone surgery to repair a torn rotator cuff of the right shoulder.  Plaintiff was confined to her home and bed for a period of time and was incapacitated from attending to her usual duties, as well as her occupation as a dentist, and upon information and belief, will, in the future be so incapacitated.

25.   As a further direct and proximate cause of the negligence, recklessness and carelessness of the defendant, its agents, servants and/or employees, plaintiff has incurred and will continue to incur, expenses for hospitalization, surgery, medical care and attention, medicines, x-rays and physical therapy, and various other medical aid and attention, and did necessarily pay and become liable therefore, and upon information and belief, will be obligated to expend various sums of money for such medical aid and attention in the future; and plaintiff's ability to enjoy and carry on life's activities to the fullest has been, and will continue to be, impaired, causing plaintiff further loss and damage, and mental and emotional distress; and plaintiff has suffered lost past earnings, and upon information and belief, will suffer lost future earnings, and /or diminished earnings, and incurred expenses associated with her dental practice because of her injuries, decreased ability to engage in plaintiff's chosen profession as a dentist, both past, and upon information and belief, in the future, as well as expenses associated with her injuries, including but not limited to co-pays and medications, and has been otherwise damaged.

26.   This action falls within one or more exceptions of Article 16 of the Civil Practice Law and Rules.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendant herein in the sum of **TEN MILLION ($10,000,000.00) DOLLARS** as and for compensatory damages relating to

plaintiff's physical, mental and emotional suffering and distress, including the loss of plaintiff's ability to enjoy and carry on life's activities to the fullest which has been, and will continue to be, impaired, causing plaintiff further loss and damage, and mental and emotional distress, together with plaintiff's special damages and expenses incurred and/or unreimbursed, including but not limited to lost past and future earnings, and/or diminished earnings, both past and future; out-of-pocket expenses, including but not limited to past and future co-pays, unreimbursed medical bills, and medications; unreimbursed expenses associated with plaintiff's dental practice as a result of her injuries and subsequent surgery; decreased ability to engage in plaintiff's chosen profession as a dentist, both past, and upon information and belief, in the future, attorney's fees, expenses and costs associated with this action, and for such other and further relief as this Court may deem just and proper.

Dated:  Brooklyn, New York

     July 19, 2012

                          Yours, etc.,

                          *Barry E. Schulman*

                          BARRY E. SCHULMAN (7906)
                          THE LAW OFFICE OF
                          BARRY E. SCHULMAN
                          Attorneys for Plaintiff
                          16 Court St., Suite 1800
                          Brooklyn, New York 11241
                          (718) 855-8855

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK          )
                                              SS.:
COUNTY OF KINGS            )

       **BARRY E. SCHULMAN**, an attorney admitted to practice in the Courts of New York State, affirms under penalty of perjury:

       That affirmant is the attorney for the plaintiff in the within entitled action, and has read the foregoing **COMPLAINT** and knows the contents thereof; that same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true and the reason that this verification is not made by plaintiff and is made by affirmant is that plaintiff does not presently reside in the county where the attorney for the plaintiff maintains his office.

       Affirmant further states that the source of affirmant's information and the grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are from investigations made on behalf of said plaintiff.

Dated  :  Brooklyn, New York
          July 19, 2012

                                    _____
                                      BARRY E. SCHULMAN

10

### ATTORNEY'S CERTIFICATION

I hereby certify pursuant to 22 NYCRR Sect. 130-1.1a(b), that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of the papers listed below or the contentions contained therein, are not frivolous as defined in 22 NYCRR Sect. 130-1.1a(b):  VERIFIED COMPLAINT.

Dated:  Brooklyn, New York

July 19, 2012

_____
BARRY E. SCHULMAN

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FLORENCE TEMBA,

                          Plaintiff,

            -against-                                    **INDEX#**
                                                        **12-CV-03330**

TARGET CORPORATION,

                          Defendants.
------------------------------------------------------------------------X

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                                   .SS:
COUNTY OF KINGS     )

    YUMARY MUNOZ, being duly sworn, deposes and says:  That deponent is not a party to this proceeding, is over 18 years of age and resides at 16 Court Street, Suite 1800, Brooklyn, New York 11241.

    That on July 20, 2012, I served a true copy of the annexed COMPLAINT , by ECF and by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

**CLYDE & CO. U.S LLP**
**200 CAMPUS DRIVE, SUITE 300**
**FLORHAM PARK, NJ 07932**

Sworn to before me this
20th day of July 2012

_____        _____
BARRY E. SCHULMAN                              YUMARY MUNOZ
Notary Public, State Of New York
No. 30-4715613, Qual. In Nassau Co.
Commission Expires ___11/18/2014___